**SO ORDERED.**

**SIGNED this 14 day of November, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

SANDRA STEWART HALL             CHAPTER 7
                                                 CASE NO. 12-03192-8-RDD
    DEBTOR

## ORDER DENYING MOTION FOR SANCTIONS

Pending before the Court is the Motion for Sanctions for Creditor Misconduct Against United Leasing Corporation filed by Sandra Stewart Hall (the "Debtor") on June 18, 2012 (the "Motion"); the Amended Motion for Sanctions filed by the Debtor on October 3, 2012 (the "Amended Motion"); and the Response of United Leasing Corporation to Debtor's Motion for Sanctions for Creditor Misconduct filed by United Leasing Corporation on July 5, 2012 (the "Response"). On October 15, 2012, the Court held a hearing on the Motion, the Amended Motion, and the Response in Wilson, North Carolina.

## BACKGROUND

The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on April 26, 2012. Victory Transport, Inc. ("Victory") is a corporate affiliate of the Debtor and is wholly owned by the Debtor. United Leasing Corporation ("United") is a creditor for debts owed

by Victory for which the Debtor was a guarantor. Victory leased tractors and trailers from United for use in its long haul trucking business.

In late 2011, Victory began missing payments and accruing large past due balances. In January 2012, Vanessa Everly, Collection Manager for United, and Ed Shield, United representative, spoke with the Debtor and arranged a visit to Victory in order to inspect and inventory United's property leased to Victory. Mr. Shield and Ms. Everly took detailed notes about what property was located at Victory's business facility. On April 13, 2012, the Circuit Court for the City of Richmond, Virginia entered a judgment against Victory and Debtor in favor of United. United claims a blanket lien on the equipment and tools owned by Victory and the tractors and trailers, which served as collateral for the lease agreements between Victory and United.

The Section 341 Meeting of Creditors was held on May 24, 2012.[1] United appeared at the meeting and explained that it held an ownership interest in equipment and collateral located at the business facility of Victory. Victory's office trailer for the business was located on the same 3.82 acre tract of land as the Debtor's residence. United asked the Trustee for permission to enter the Debtor's property to repossess the equipment and collateral subject to the lease agreements located at the business facility of Victory. The Trustee authorized United to enter the Debtor's property to remove the equipment, tractors and trailers subject to the lease agreements.

The Debtor testified that the Trustee allowed United to enter her property and remove the tractors and trailers on Tuesday, May 29, 2012 only. Mr. Shield testified that he did not recall the Trustee authorizing United to collect its equipment on May 29, 2012 only, but interpreted it to mean

---

[1] The Chapter 7 Trustee adjourned the 341 meeting on May 29, 2012 and continued the meeting to June 22, 2012.

United had permission to enter the Debtor's property until it repossessed all of its collateral. Mr. Shield testified he went to the Debtor's house on May 29, 2012 and spoke with the Debtor to let her know that he was there to repossess United's property. The Debtor testified that Mr. Shield threatened to take everything the Debtor had and that she would be left with nothing. The Debtor stated Mr. Shield's threats made her depressed and distraught.

Mr. Shield denied threatening the Debtor or making an attempt to collect any debts from the Debtor personally. Mr. Shield testified that the property removed was property of Victory and not the Debtor. Mr. Shield said that United removed property owned by Victory because the leases between the parties were secured by properly perfected security agreements pledging property Victory owned as United's collateral. On May 29, 2012, United repossessed tools and other small equipment in which it held a security interest.

Terry and John Ireland testified for United. They were at the Debtor's residence on May 29, 2012. Mrs. Ireland testified that she is the Debtor's second cousin and the two are very close. Mrs. Ireland and her husband operate an automobile repair shop on the Debtor's property located approximately 200 yards from the Debtor's house. The Irelands testified that they did not see or hear any dispute or threats between Mr. Shield and the Debtor. Further, Mrs. Ireland said the Debtor never told her about any threats or demands purportedly made by Mr. Shield.

On May, 29, 2012, United discovered it would have to return at a later date to take possession of the trailers since the trailers had no wheels. Mr. Shield further stated that United contracted with a third party to remove the trailers after May 29, 2012. On or about October 2, 2012, an agent for United removed a trailer that belonged to Victory, which contained personal items belonging to the

3

Debtor. Mr. Shield testified that the trailer was returned to the Debtor's property to allow the Debtor the opportunity to retrieve her belongings.

In the Motion and the Amended Motion, the Debtor argues that the October removal, the threat, and the continued removal of property and equipment from the Debtor's property on May 29, 2012 and later, were violations of the automatic stay. The Debtor asserted the acts caused her to suffer great anguish and anxiety for she never knew when something else would be gone when she woke up in the morning. The Debtor requests sanctions in the amount of $10,000.00 for actual and punitive damages plus attorney's fees.

### **DISCUSSION**

Section 362(a) of the Bankruptcy Code imposes a stay on "any act to obtain possession of . . . or to exercise control over property of the estate." 11 U.S.C. § 362 (a)(3); *In re Figured*, No. 09-03251-8-JRL, 2009 WL 2843320, at *2 (Bankr. E.D.N.C. Aug. 31, 2009). Except as provided in 11 U.S.C. § 541(b), (c)(2), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case" as well as "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(1), (7); *In re Figured*, 2009 WL 2843320, at *2.

Further, the Bankruptcy Code provides that any "individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). This Court has held "willfulness does not refer to the intent to violate the automatic stay, but the intent to commit the act which violates the automatic stay." *Lofton v. Carolina Fin. LLC (In re Lofton)*, 385

B.R. 133, 140 (Bankr. E.D.N.C. 2008) (citing *Citizens Bank v. Strumpf*, 37 F.3d 155 (4th Cir. 1994), *rev'd on other grounds* 516 U.S. 16, 11 (1995)).  Furthermore, "[i]f the creditor intentionally acts and its actions violate the automatic stay, the creditor's acts are willful." *In re Jones*, No. 06-00380-8-RDD, at 3 (Bankr. E.D.N.C. June 27, 2007).

Based on the evidence received, the Court finds United was aware that the automatic stay was in place on May 24, 2012 because it attended the Section 341 meeting in Debtor's case.  However, the Trustee granted United permission to go to the Debtor's property and remove the tractors and trailers upon which United had a security interest.  The tractors and trailers were not property of the Debtor's estate.

The Trustee was not subpoenaed to testify regarding his specific instructions in regard to the May 29, 2012 repossession.  United claims to have an interest in the property that was located on the Debtor's residence.  The Trustee allowed United to go to the property and begin removal of United's property.  The tractors and trailers were owned by Victory, not the Debtor.  Since the bankruptcy case was filed in the Debtor's name and not Victory's, Victory receives no protection of the automatic stay.  *See In re Robert F. Youngblood Co.*, No. 12-0118-8-RDD, 2012 WL 987751 (Bankr. E.D.N.C. 2012).

There is no corroborating testimony to support Ms. Hall's claim that she was threatened by Mr. Shield.  Mrs. Ireland testified that she was within 200 yards of the Debtor's home on May 29, 2012 and did not see or hear any threats or demands between the Debtor and Mr. Shield.  Mrs. Ireland further testified that the Debtor never revealed to her that the Debtor was threatened by Mr. Shield.  Because the property United removed belonged to Victory and not the Debtor, it was not

property of the estate and the removal cannot serve as the basis for a stay violation. This Court finds the Debtor has failed to prove by a preponderance of the evidence a willful violation of the automatic stay on May 29, 2012 or thereafter. Therefore, Debtor's Motion for Sanctions is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**